**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RICHARD B. MELBYE, AKA Brent Melbye, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ACCELERATED PAYMENT TECHNOLOGIES, INC., a Delaware corporation, <br><br> Defendant - Appellant. | No. 12-57220 <br><br> D.C. No. 3:10-cv-02040-IEG-JMA <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Senior District Judge, Presiding

Argued and Submitted February 5, 2015
Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

Accelerated Payment Technologies ("APT") appeals the district court's

denial of its renewed motion for judgment as a matter of law.  Reviewing the

district court's denial of APT's motion de novo and the jury's verdict for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

substantial evidence, *see EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009), we affirm.

The jury's finding that APT breached an oral or implied-in-fact contract between Richard Melbye and Geoffrey Knapp for post-termination residual commissions is supported by substantial evidence. APT argues that the employee handbook was incorporated into the at-will employment agreement, and that the handbook precludes post-termination commissions. We are unpersuaded. The handbook was not incorporated into the employment agreement. But even if it were, the handbook and the employment agreement did not constitute a fully integrated contract because the handbook states that "[i]t does not contain the complete terms or conditions of any of the company's current benefit plans and policies." The jury could interpret the effect of the handbook and weigh extrinsic evidence of the parties' intent. *See City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 395 (2008) ("[W]hen, as here, ascertaining the intent of the parties at the time the contract was executed depends on the credibility of extrinsic evidence, that credibility determination and the interpretation of the contract are questions of fact that may properly be resolved by the jury."). And the record contains ample evidence—including testimony of both Melbye and Knapp—that

2

the handbook did not preclude the post-termination residual commissions to which they had agreed.

Nor did the Change of Control Agreement supersede the post-termination commissions contract. The Change of Control Agreement states that it does not "prevent or limit" Melbye's "continuing or future participation in any benefit, bonus, incentive or other plan or program provided by the Corporation." And, again, the record contains ample evidence that Melbye and Knapp did not intend any conflict between the Change of Control Agreement and their post-termination commissions contract.

**AFFIRMED.**